IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

       Plaintiff,                           CV F 08 0584 AWI WMW P

   vs.                                   ORDER

WARDEN HEDGPETH, et al.,

       Defendant.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against the Warden and other correctional officials at Kern Valley State Prison. Plaintiff claims that his legal mail was interfered with and the money was taken from his mail by correctional staff.

       The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

1  This plaintiff has, on 3 prior occasions, brought civil actions challenging the
2  conditions of his confinement.   All three action were dismissed as frivolous, or for failure to
3  state a claim upon which relief can be granted.   Among the dismissals suffered by plaintiff that
4  count as strikes under 1915(g) are case numbers 3:06-cv-05992-SI Smith v. Holm (N.D. Cal.)
5  (dismissed 01/22/2007 for failure to state a claim); 1:07-cv-00509-LJO-SMS Smith v. Scribner
6  (E.D. Cal.) (dismissed 05/04/2007 for frivolousness, maliciousness, and failure to state a claim);
7  1:06-cv-00310-AWI-NEW (DLB) PC (E.D. Cal.) (dismissed 05/09/2007 for failure to state a
8  claim); and 1:07-cv-00531-AWI-SMS Smith v. Social Sec. Admin. Office, Employees (E.D.
9  Cal.) (dismissed 05/09/2007 for failure to state a claim).

10  Here, Plaintiff alleges no conduct indicating that he is in imminent danger of
11  serious physical injury.  Plaintiff is therefore not entitled to proceed in forma pauperis.

12  Accordingly, on June 3, 2008, an order to show cause was entered, directing
13  Plaintiff to show cause why his application to proceed in forma pauperis should not be denied.
14  On July 7, 2008, findings and recommendations were entered, recommending that Plaintiff's
15  application to proceed in forma pauperis be denied. On September 3, 2008, Plaintiff was granted
16  an extension of time to file objections. On September 9, 2008, the findings and
17  recommendations were adopted, and Plaintiff was directed to submit the $350 fiing fee within
18  thirty days. On September 25, 2008, Plaintiff filed a document titled as a notice of motion under
19  the penalty of perjury.  Plaintiff states that he submitted an authorization for the trust account
20  office to withdraw $350 from his inmate trust account.  There is no trust account statement on
21  record in this case indicating that Plaintiff has a $350 balance in his inmate trust account.  The
22  court will grant Plaintiff thirty days in which to submit the following documents to the court: 1.
23  A certified copy of his inmate trust account statement, indicating that Plaintiff has a balance of at
24  least $350 in his inmate trust account; 2.  A copy of Plaintiff's request on the appropriate CDC
25  form of his request for withdrawal of $350 from his inmate trust account.  Plaintiff's failure to do
26

so will result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff is directed to submit the above documentation within thirty days of the date of service of this order:

IT IS SO ORDERED.

**Dated:    November 17, 2008**               /s/  **William M. Wunderlich**
                                                                  UNITED STATES MAGISTRATE JUDGE